# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| International Union of Operating Engineers, Local 150, AFL-CIO; Midwest Operating Engineers Pension Trust Fund; Local 150 IUOE Vacation Savings Plan; and Construction Industry Research and Service Trust Fund, </br></br>    Plaintiffs, </br></br>v. </br></br>Landscape Consultants, Inc. d/b/a Phil Robin Landscapes, an Illinois Corporation, </br></br>    Defendant. | No. 18 C 02404 </br></br> Judge John J. Tharp, Jr. |

## MEMORANDUM OPINION AND ORDER

The plaintiffs brought suit alleging that Landscape Consultants, Inc., doing business as Phil Robin Landscapes ("Phil Robin"), failed to comply with its obligations under a collective bargaining agreement known as the Landscape Construction Labor Agreement and predecessor versions of that agreement. Phil Robin moved for judgment on the pleadings, arguing that it never agreed to be bound by the Landscape Construction Labor Agreement or any version thereof. The plaintiffs have also moved for partial judgment on the pleadings or summary judgment, arguing that Phil Robin bound itself to that agreement by executing monthly remittance reports and submitting contributions consistent with those required under the most current version of that agreement. The undisputed facts show that Phil Robin signed monthly remittance reports agreeing to be bound by the most current version of the Landscape Construction Labor Agreement and manifested its assent to the same through its conduct. Accordingly, the plaintiffs' motion is granted, and Phil Robin's motion is denied.

# BACKGROUND[1]

On March 23, 1993, Phil Robin, through its president Brian Rusthoven, signed a Memorandum of Agreement ("MOA") with the International Union of Operating Engineers, Local 150, AFL-CIO (the "Union"). Under the MOA, the Union and Phil Robin agreed to

> adopt the Master Agreement dated December 1, 1985 as amended to November 30, 1996, entered into by and between the Union and the Northern Illinois Landscape Contractors (Illinois and Indiana Landscape Contractors Labor Agreement) and . . . be bound by the terms and conditions of that Master Agreement and the Agreement and Declaration of Trust of Midwest Operating Engineers Welfare Fund and all amendments heretofore or hereafter made thereto, as though the same were incorporated fully herein.

Am. Compl. Ex. B (capitalization and bold formatting omitted), ECF No. 36-2. The Union and Phil Robin further agreed that after the expiration of the Master Agreement, the MOA "shall continue in effect from year to year . . . and specifically adopt[s] any Master Agreement entered into between the Union and Northern Illinois Landscape Contractors subsequent to the expiration date of the Master agreement . . . unless notice of termination or amendment is given . . . ." *Id.* The MOA has not been terminated. But the Northern Illinois Landscape Contractors no longer signed the Master Agreement after the 1996–99 edition expired, leaving the Union and the Illinois Landscape Contractors Bargaining Association as the only signatories.

The collective bargaining agreement that the MOA originally adopted as the Master Agreement—the Illinois and Indiana Landscape Contractors Labor Agreement—required Phil

---

[1] As set forth in the plaintiffs' reply brief, Phil Robin did not respond to the plaintiffs' motion and confirmed, orally and in writing, with the plaintiffs' counsel that it did not intend to file a response brief. ECF No. 56. (Nor did Phil Robin file a reply brief on its own motion for judgment on the pleadings.) Because Phil Robin has not responded to the plaintiffs' statement of facts, the facts set forth in the plaintiffs' statement of facts are deemed admitted for purposes of ruling on the plaintiffs' motion for partial summary judgment. *See* Local Rule 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

Robin to submit monthly contribution remittance reports and payments to the Midwest Operating Engineers Pension Trust Fund and the Midwest Operating Engineers Welfare Fund, as well as monthly dues remittance reports and dues payments to the Union. In the 1996–99 edition of that collective bargaining agreement, the parties substituted the Railroad Maintenance and Industrial Health and Welfare Fund ("Railroad Fund") for the Midwest Operating Engineers Welfare Fund. The current version of the collective bargaining agreement—which as of 2005 is known as the Landscape Construction Labor Agreement—requires the employer to submit monthly remittance reports and payments to the Railroad Fund and each of the plaintiffs: the Union, the Midwest Operating Engineers Pension Trust Fund, the Local 150 IUOE Vacation Savings Plan, and the Construction Industry Research and Service Trust Fund.

From at least 1993 until April 2012, Phil Robin submitted monthly remittance reports and payments for contributions to all required parties at the rate listed in the then-current collective bargaining agreement. For example, Phil Robin increased its contributions in the amount called for by the then-current collective bargaining agreement after June 1 of several years, which was when those increases became effective. After April 2012, Phil Robin stopped submitting reports and payments to the plaintiffs. Phil Robin continued, however, submitting monthly contribution payments and remittance reports to the Railroad Fund (a non-party) until at least July 2018. Am. Compl. ¶ 6, Ex. E Landscape Contribution Remittance Forms, Railroad Fund, ECF Nos. 36, 36-5. The remittance reports Phil Robin signed and submitted to the Railroad Fund and other funds contained the following or substantially similar language:

> [T]he employer hereby agrees to be bound by the terms of the current Collective Bargaining Agreement executed between Local 150 of the International Union of Operating Engineers and the Illinois Landscape Contractors' Bargaining Association or other relevant multi-employer associations. Further, the undersigned hereby expressly accepts and agrees to be bound by the terms of the

> Trust Agreement governing the Railroad Maintenance and Industrial Health and Welfare Fund and accepts all of the terms thereof with the intention of providing benefits to its Operators, thereby being a party to all of said agreements.

Am. Compl. ¶ 7; Pls.' Statement of Facts ¶ 15, ECF No. 52-3. The plaintiffs filed suit alleging that Phil Robin has failed to meet its obligations under the Landscape Contractors Labor Agreement, executed between the Union and the Illinois Landscape Contractors' Bargaining Association, as well as prior versions of that agreement.

## DISCUSSION

**I. Standard of Review**

The parties have filed cross-motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the question of whether Phil Robin is bound by the Landscape Contractors Labor Agreement and prior versions of it. "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). When ruling on a motion for judgment on the pleadings, the Court is "confined to the matters presented in the pleadings, and [the Court] must consider those pleadings in the light most favorable to" the non-moving party. *Id.* "If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The plaintiffs have also moved for partial summary judgment and submitted evidence outside of the pleadings in support of their argument that Phil Robin is bound by the Landscape Construction Labor Agreement and prior versions of it. The Court must grant the plaintiffs' motion for partial summary judgment if the plaintiffs show that, construing all facts and reasonable

inferences in Phil Robin's favor, no reasonable jury could conclude that Phil Robin was not bound by the most current collective bargaining agreement. *See Daugherty v. Page*, 906 F.3d 606, 609–10 (7th Cir. 2018). The Court allowed Phil Robin 35 days to respond to the plaintiffs' motion and statement of facts and 21 days to file a reply in support of its own motion. *See* Pls.' Reply, ECF No 56. Phil Robin did not file a reply in support of its motion, a response to the plaintiffs' motion, or a response to the plaintiffs' statement of facts, nor has it requested an extension of time within which to do so.

**II.     Phil Robin is bound by the most current collective bargaining agreement.**

The undisputed facts show that Phil Robin was bound by the then-current collective bargaining agreement from 1993 to at least July 2018. The plaintiffs bring this suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), which states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Phil Robin admitted in its amended answer that each monthly remittance report it signed and submitted stated that "the employer hereby agrees to be bound by the terms of the current Collective Bargaining Agreement executed between Local 150 of the International Union of Operating Engineers and the Illinois Landscape Contractors' Bargaining Association or other relevant multi-employer associations." Am. Answer to Am. Compl., Answer to ¶¶ 6–7, ECF No. 42. The Landscape Contractors Labor Agreement and its predecessor editions are collective bargaining agreements that were executed between the Union and the Illinois Landscape Contractors' Bargaining Association. Phil Robin has not provided any reason for the

Court not to conclude that Phil Robin is bound to the then-current collective bargaining agreement based on that admission in its amended answer alone.

Indeed, the evidence the plaintiffs submitted in support of their motion for partial summary judgment reinforces the conclusion that Phil Robin was bound by the most current collective bargaining agreement. Based on the present record, it is not clear whether the MOA alone would have been sufficient to bind Phil Robin to the Master Agreement once the Northern Illinois Landscape Contractors was no longer a signatory, because the MOA contemplates amendments to the collective bargaining agreement to which the Northern Illinois Landscape Contractors was a signatory. Nevertheless, even setting aside the MOA and signed remittance reports, an employer's assent to "a collective bargaining agreement is not dependent on the reduction to writing of the parties' intention to be bound[;] rather[,] all that is required is conduct manifesting an intention to abide and be bound by the terms of an agreement." *Bricklayers Local 21 of Illinois Apprenticeship and Training Program v. Banner Restoration, Inc.*, 385 F.3d 761, 766 (7th Cir. 2004) (cleaned up); *see also Line Const. Ben. Fund v. Allied Elec. Contractors, Inc.*, 591 F.3d 576, 580 (7th Cir. 2010) ("A signature to a collective bargaining agreement is not a prerequisite to finding an employer bound to that agreement.") (citation and brackets omitted); *Laborers' Pension Fund v. Blackmore Sewer Const., Inc.*, 298 F.3d 600, 606 (7th Cir. 2002) ("[A]n employer's intent to be bound can be established from the employer's conduct in adhering to the terms of the collective bargaining agreement."); *Robbins v. Lynch*, 836 F.2d 330, 332 (7th Cir. 1988) ("Employers may adopt a collective bargaining agreement by a course of conduct."). Conduct manifesting agreement includes "the remission of union dues, the payment of fringe benefit contributions, [and] the existence of other agreements evidencing assent . . . ." *Line Const. Ben. Fund*, 591 F.3d at 580.

Here, Phil Robin not only signed monthly remittance reports manifesting its agreement to the most current collective bargaining agreement, but also submitted dues payments and contributions consistent with those required under the most current collective bargaining agreement from 1993 until April 2012. And from May 2012 to July 2018, Phil Robin continued submitting to the Railroad Fund contributions consistent with its obligations under the most current collective bargaining agreement, during which time it also monthly reaffirmed through the remittance reports its agreement to be bound to the most current collective bargaining agreement.

Phil Robin has contended that it is not bound because it did not receive any consideration in exchange for agreeing to be bound by the most current collective bargaining agreement. Not so; by agreeing to be bound to subsequent iterations, Phil Robbin continued to enjoy the same benefits that the original agreement conferred, most notably, labor peace. The Court must "interpret collective-bargaining agreements, including those establishing ERISA plans, according to ordinary principles of contract law, at least when those principles are not inconsistent with federal labor policy." *M & G Polymers USA, LLC v. Tackett*, 135 S.Ct. 926, 933 (2015). But "[f]ederal labor policy favors the enforcement of collective bargaining agreements and does not require the usual consideration. The consideration here is in the form of labor peace . . . ." *Laborers' Pension Tr. v. Concrete Structures of Midwest, Inc.*, No. 91 C 467, 1993 WL 291793, at *4 (N.D. Ill. July 30, 1993); *see also Orrand v. Scassa Asphalt, Inc.*, 794 F.3d 556, 566 (6th Cir. 2015) (upholding district court's ruling that 29 U.S.C. § 1145 preempts contract defense of lack of consideration). Even if the usual consideration were required, Phil Robin has not argued or shown how the value of the benefits provided to its employees did not constitute adequate consideration for the modifications to the collective bargaining agreement that were implemented during the relevant time.

Phil Robin's mistake of fact defense, omitted from Phil Robin's amended answer and asserted in a single footnote in Phil Robin's brief, is also unavailing. Mistake of fact is an affirmative defense that may be forfeited "if the defendant . . . failed to preserve the defense by pleading it." *Reed v. Columbia St. Mary's Hospital*, 915 F.3d 473, 478 (7th Cir. 2019). While this rule providing for forfeiture of an affirmative defense is "not to be applied rigidly," *id.*, the mistake of fact defense asserted in Phil Robin's brief fails in its own right. The fact about which Phil Robin asserts it was mistaken was whether the MOA adopted the most current collective bargaining agreement, but as discussed above, that is not the only basis for concluding that Phil Robin is bound. The plaintiffs have shown that Phil Robin manifested its assent to the most current collective bargaining agreement through the language in the signed remittance reports and through its conduct, not simply through the MOA. Moreover, the employer in *Blackmore Sewer Const., Inc.* advanced a similar mistake of fact argument, arguing that for three years it had mistakenly submitted reports and contributions and signed a statement each month declaring its intention to be bound to the terms of the collective bargaining agreement. 298 F.3d at 606. The Seventh Circuit held that "[n]o reasonable jury could find that [the employer] was not bound to agreements it signed, reaffirmed, and complied with for a period of three years before discovering its 'mistake.'" *Id.* at 607. Here, no reasonable jury could conclude that Phil Robin was not bound where, for at least 19 years—25 years if counting reports and payments submitted to the Railroad Fund—it signed and submitted monthly remittance reports agreeing to be bound by the most current collective bargaining agreement, the terms of which it complied with.

Phil Robin did not respond to the plaintiffs' motion or statement of facts despite being granted 35 days to do so (nor has it requested an extension of time), and Phil Robin has not argued that any facts that would be revealed through discovery would show that Phil Robin was not bound

8

by the most current collective bargaining agreement. Indeed, Phil Robin sought a stay of discovery on the ground that whether Phil Robin was bound by the current collective bargaining agreement should be resolved on the pleadings. *See* Def.'s Mot. for J. on the Pleadings 6, ECF No. 44 (claiming that "Defendant's responses [to the plaintiffs' discovery requests] will not produce facts or documents to defeat or affect a decision on the Motion"). Phil Robin has therefore been provided adequate opportunity to respond to the facts and arguments raised by the plaintiffs but has not done so.

\*   \*   \*

For the reasons stated above, Phil Robin's motion for judgment on the pleadings, ECF No. 44, is denied, and the plaintiffs' motion partial judgment on the pleadings or partial summary judgment, ECF No. 47, is granted. Phil Robin is required to comply with its obligations under the most current version of the collective bargaining agreement from 1993 to at least July 2018. A status hearing has been set for October 2, 2019. In advance of that hearing, the parties are directed to confer regarding a schedule for further proceedings to determine the amounts owed by the defendant.

Date: August 30, 2019

John J. Tharp, Jr.
United States District Judge